IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BUAY T. WAL                                                                                          PETITIONER

VERSUS                                                        CIVIL ACTION NO. 5:19-cv-70-DCB-MTP

SHAWN R. GILLIS                                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Buay T. Wal for Writ of Habeas Corpus. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition be dismissed as moot.

On August 7, 2019, Wal filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months. Petitioner argues that his extended detention violates Section 241 of the Immigration and Nationality Act and violates his substantive and procedural due process rights.[1] Petitioner seeks release from immigration custody.

On December 12, 2019, Shawn Gillis, the warden at the facility where Petitioner was housed, filed his Response [9] arguing that the Petition should be dismissed as moot because Petitioner was deported from the United States to South Sudan on December 5, 2019. Petitioner did not reply to the Response.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL

---

[1] *See also* 8 U.S.C. § 1231.

1

32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition [1] no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.[2]

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED as moot.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[2] On October 15, 2019, Petitioner filed an Affidavit [6] to Proceed Pro Se that appears to challenge his removal order and seeks a stay of his removal. To the extent this could be considered a claim in this action, it should be denied. "[T]he REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa-Torres v. Bureau of Immigration & Customs Enf't.*, 347 F. App'x 47, 48 (5th Cir. 2009) (citing *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005)). A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id*.

THIS the 2nd day of January, 2020.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge